# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF ALABAMA

2014 NOV 17  A 11: 51

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DIST OF ALA

Melanie Bryan,

    Plaintiff,

– against–

Holloway & Moxley, LLP,

    Defendant(s).

**COMPLAINT** 1:14-CV-1161-SRW

Plaintiff MELANIE BRYAN, by and through her attorneys, Hussey Law Firm, LLC, complaining of the Defendant, hereby alleges as follows:

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereafter the "FDCPA"). The FDCPA prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices.

## JURISDICTION AND VENUE

2. This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343. Venue is properly in this Court under 28 U.S.C. §§ 1391(b)(2) and (b)(3) because a substantial part of the events giving rise to the claim occurred in this judicial district, and Defendant is subject to this Court's personal jurisdiction with respect to this action.

## PARTIES

3. Plaintiff, Melanie Bryan, is an adult residing in Kinston, AL.

4. Defendant Holloway & Moxley, LLP is a law firm regularly engaged in the business of collecting debts in this State with its place of business located at 556 South Perry Street, Montgomery, AL 36104. The principal purpose of Defendant is the collection of debts using the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

5. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

## FACTUAL ALLEGATIONS

7. Defendant Holloway & Moxley, LLP attempted to collect a debt allegedly owed by Plaintiff relating to consumer purchases allegedly owed to Midland Funding LLC.

8. The debt at issue arises out of an alleged transaction which was primarily for personal, family or household purposes and falls within the definition of "debt" for purposes of 15 U.S.C. § 1692a(5).

9. Defendant sent Plaintiff an initial validation notice dated May 16, 2014.

10. This letter stated the statutory notice required by 15 U.S.C. 1692g, including the provision that Plaintiff has 30 days to dispute the debt and request verification of it.

11. On June 3, 2014, Plaintiff notified Defendant in writing that she was disputing the debt and requested verification of it.

12. Defendant failed to send Plaintiff the requested verification of the debt.

13. On September 29, 2014, Defendant filed a lawsuit against Plaintiff on behalf of Midland Funding LLC, in violation of the FDCPA. As Plaintiff notified Defendant in writing within 30 days of the initial validation notice that she was disputing the debt, Defendant was obligated to cease collection of the debt, including filing any lawsuit, until it obtained and sent verification of the debt to Plaintiff.

14. Defendant knew or should have known that its actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with said laws.

15. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendant herein.

16. At all times pertinent hereto, the conduct of Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal law and the rights of the Plaintiff herein.

17. As a result of Defendant's conduct, Plaintiff has sustained actual damages including, but not limited to, emotional and mental pain and anguish.

## CLAIMS FOR RELIEF
(Fair Debt Collection Practices Act)

18. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 17 herein.

19. The above contacts between Defendant and Plaintiff were "communications" relating to a "debt" as defined by 15 U.S.C. § 1692a(2) and 1692a(5) of the FDCPA.

20. Defendant Holloway & Moxley, LLP violated provisions of the FDCPA, including, but not limited to, the following:

21. The FDCPA 15 U.S.C. § 1692g(b) mandates that if the consumer notifies the debt collector in writing within the thirty-day period from receipt of the initial validation notice that the debt is disputed, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt, and a copy of such verification is mailed to the consumer by the debt collector.

22. Plaintiff notified Defendant in writing that the debt was disputed, but Defendant did not send Plaintiff verification of the debt, nor did it cease collection of the debt, as Defendant's filing of a lawsuit against Plaintiff is collection activity, in violation of the FDCPA.

23. As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages which can be up to $1,000.00, attorney's fees and costs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that judgment in the sum of $10,000.00 be entered against Defendant as follows:

1) That judgment be entered against Defendant for actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

2) That judgment be entered against Defendant for statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

3) That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and

4) That the Court grant such other and further relief as may be just and proper.

Dated: November 12, 2014
Fairhope, Alabama

Hussey Law Firm, LLC
By: _____
Curtis R. Hussey (No. HUSSC7684)
*Attorney for Plaintiff*

**ADDRESS OF COUNSEL:**
Hussey Law Firm, LLC
P.O. Box 1896
Fairhope, AL 36533-1896
Tel: (251) 928-1423
Email: gulfcoastadr@gmail.com